68 U.S. 710 (1863)
1 Wall. 710
UNITED STATES
v.
ESTUDILLO.
Supreme Court of United States.

*713 Mr. J.B. Williams and Mr. Carlisle, in support of the motion.
Messrs. Bates, A.G., Black, and Johnson, contra.
*715 Mr. Justice FIELD delivered the opinion of the court.
The appeal in this case was dismissed during the last vacation, by stipulation of the parties, under the twenty-ninth rule. A motion is now made on behalf of one Thomas W. Mulford and others, that the stipulation be vacated, the mandate of the court be withheld, and their attorney be allowed to enter his appearance and be heard on their behalf.
The case was brought before the court on appeal from the decree of the District Court of the Northern District of California, approving a survey of a confirmed private land claim, under the act of June 14th, 1860. After the survey was returned into the District Court, a monition was issued to the marshal requiring him to notify all parties having, or claiming to have, any interest in the survey and location of the claim, to appear on a day designated and intervene for the protection of their interests. The only parties who *716 appeared in pursuance of the notice given by the marshal were the United States, the claimant, and one Castro; and the court ordered the default of all other parties to be entered. Subsequently, Mulford, who now appears in the motion before us, applied to the court to open the default and to allow him to intervene, alleging an interest in a portion of the land embraced by the survey under a patent from the State of California; but his application was denied. The action of the court in this respect is not subject to revision, the opening of the default being a matter resting in its discretion.
The motion is on behalf of Mulford and others, but who are included by the term "others" we are not informed by the record. Their names are not given, nor is their interest stated, except in the very general and loose terms with which it is designated in the argument of counsel as that of settlers on the land under the laws of the United States.
The act of 1860 is liberal in the permission it gives for interposing objections to the surveys of confirmed claims made by the Surveyor-General of California; but at the same time it limits with special care the permission to those who are in fact interested in making a contest. It authorizes the return of surveys for examination and adjudication only upon the application of parties who, in the judgment of the court or district judge, have such interest as to make it proper for them to intervene for its protection. It provides that when objections are interposed by the United States, the application shall be made by the district attorney, and be founded on "sufficient affidavits;" and that when application is made by "other parties claiming to be interested in, or that their rights are affected by," the survey and location, there shall be a preliminary examination into the fact of such alleged interest. "The court, or the judge in vacation," says the statute, "shall proceed summarily on affidavits or otherwise to inquire into the fact of such interest, and shall in its discretion determine whether the applicant has such an interest therein as, under the circumstances of the case, to make it proper that he should be heard in opposition to the *717 survey, and shall grant or refuse the order to return the survey and location as shall be just."
The proceedings upon this examination, or at least the order of the court or judge thereon, should appear in the record; for we can only know by the order whether the parties have been permitted to contest the survey before the court. When the interest of parties applying is shown and the order is made, those who claim under the United States by "pre-emption, settlement, or other right or title," must intervene, not separately, but collectively, in the name of the United States, and be represented by the district attorney, and any counsel employed by them co-operating with him.
In the present case, it does not appear that any of the precautionary steps required by the act in question were pursued by the nameless "others" for whom the present motion is made. No presentation, so far as the record discloses, was made of the interest of any persons against the survey besides those we have named. And it is not permissible for parties to appear in this court and be heard in opposition to the survey approved, who have never participated, or asked to participate, in the proceedings upon the survey in the court below.
These views also dispose of the motion to set aside the dismissal of the appeal in the case of United States v. Nunez.
The motion in both cases is
DENIED.
Messrs. Justices SWAYNE and DAVIS dissented.
Mr. Justice MILLER.
I concur in the judgment of the court, overruling the motion to set aside the agreement between the attorney-general and the counsel of the claimant, by which it is agreed that this appeal shall be dismissed. But I do not agree to the ground upon which the judgment of the court is based; and as the matter involves the construction of an important provision of the act of June 14, 1860, concerning surveys of Mexican grants in California, I think it of sufficient consequence to justify a statement of my views separately.
*718 That act provides, in its third section, that any party whom the district judge "shall deem to have sufficient interest in the survey and location of a land claim," "shall be allowed to intervene for his interest therein," and that the court, or judge in vacation, shall proceed summarily to determine, in his discretion, whether the applicant has such an interest as entitles him to be heard in opposition to the survey which has been made and reported to the court. The statute then proceeds in the following language: "Provided, however, that all parties claiming interests under pre-emption, settlement, or other right or title derived from the United States, shall not be permitted to intervene separately, but the rights and interests of said parties shall be represented by the District Attorney of the United States, intervening in the name of the United States, aided by counsel acting for said parties jointly, if they think proper to employ such counsel."
The motion in this case is made in behalf of persons belonging to the class mentioned in this proviso, who allege that their rights have been sacrificed by the attorney-general in making the agreement to dismiss the appeal. It is overruled on the ground that their names do not appear in the record as having any interest in the case, or as having been represented by the district attorney in the name of the United States, in the proceedings in the District Court. The statute says that persons in their condition must appear by the district attorney, in the name of the United States. They can contest the matter in no other way, and through no other attorney. Yet because they did not appear in their own name, in violation of the statute, it is said they have lost a right, which they would have had, if they could in some way have procured their names to be placed on the record as contestants. When the act says that they can only appear in the name of the United States, I cannot conceive that this court, or the District Court, should hold them to have been guilty of laches, because they did not in some manner evade both the letter and spirit of the law, by procuring their own names to be inserted in the record.
The language of the statute is, that "the rights and interests *719 of said parties shall be represented by the district attorney." It is true he may be aided by other counsel, if the parties choose to employ them, but they are represented by the district attorney. He is their attorney of record, and they cannot discharge him, or compel him to adopt any other mode of proceeding than what he deems best. He, adhering to the statute, makes his objections to the survey in the name of the United States, and when one of these parties requests him to insert his name in the proceedings, the attorney refuses. Has such party any remedy? The law says he must be represented by the district attorney, and he has no right to displace him and substitute another. But because he cannot do this, he is deprived of the right to be heard here, or in the court below, according to the opinion of the court in this case.
For myself, if I believed the parties making this motion had any such right, and were really among the persons represented by the district attorney in the court below, I would permit that fact to be shown here by affidavit, or in any other mode which would satisfy the court that it was so. And I think the contrary rule operates as a trap and delusion, by holding that they have an interest, which gives them a right of appeal, but affords them no means of rendering that right effectual.
But I do not believe that persons included in the proviso already quoted have any right of appeal, or any other right of contesting the survey, except as it may be exercised through the law officers of the government, subject to their judgment of what may be their official duty in the premises.
The act divides those who may contest the survey into two classes: those who claim through or under the United States, and those who do not. All who claim through the United States, whether by "pre-emption, settlement, or any other right or title," constitute one class, who must appear by her attorney and in her name. The words above italicized, expressive of the nature of the interest derived from the United States, are not mere synonymes, but are cumulative; and when, in addition to the several inchoate rights of settlement *720 and pre-emption, the word title is used, it must mean a patent, or some other legal title, emanating from the United States.
Who constitute the other class? They must be those who claim under rights or grants, more or less perfect, derived from the Mexican government. This class consists of persons having claims, confirmed or otherwise, the location of which would interfere with the survey, which is the subject of contestation.
As to this class of persons, the government has, by its solemn treaty, bound itself to protect their rights. It is therefore eminently proper that they should be permitted to assert their rights in their own name, and by such counsel as they may choose to employ. The statute gives them this privilege, and if the court below has found that such persons had an interest in the contest there, it gives them the additional right of an appeal to this court. But as to the other class, who claim through the United States, it is clear that any right or title which they may have, must have been acquired subject to the final determination and location of the Mexican claims existing when this government became lord of the soil. The government may therefore very well say to them, "You knew when you settled, or made pre-emption, or took a patent, that all just Mexican claims must be first satisfied, and you have made your location subject to this risk. The honor of the United States is concerned to see that no unjust obstacle shall be interposed by her, or those to whom she has made concessions, to the proper settlement and location of those claims. If you choose there fore to appear in the name of the United States, and by her attorney, and make such objections to these surveys as her officers, uninfluenced by personal motives, may deem just and proper under the circumstances, you have that privilege; but you can do it in no other manner, and the right to contest the proceeding and cease from the contest at any stage of it must remain to the government, and to this end it shall be conducted in her name and controlled by her officers."
I think this is the true construction of the statute. I see *721 no other reason for requiring this class of persons to appear in the name of the United States, and by her attorney, while persons of the other class are at liberty to select their own attorney and appear in their own name.
Besides, it is evident that the framers of the statute did not regard this right of contesting the survey as one so very sacred, since the judge of the District Court can decide on the right in his discretion, in court, or in vacation, summarily, and without appeal.
It is therefore my opinion that it was entirely within the discretion of the attorney-general to dismiss this appeal, if he thought it right to do so, and that this court cannot interfere in his exercise of that discretion; and upon this ground alone I place my concurrence in the action of the court.